IN THE UNITED STATES
DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROY CORK, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | )   No.:_____ |
| | ) |
| | ) |
| MARATHON PETROLEUM COMPANY LP, | ) |
|     The Corporation Trust Company | ) |
|     Corporation Trust Center | ) |
|     1209 Orange Street | ) |
|     Wilmington, DE 19801 | ) |
| | )   JURY REQUESTED |
| | ) |
|     Defendants. | ) |

## **COMPLAINT**

COMES NOW Plaintiff ROY CORK, by and through attorneys Simmons Hanly Conroy LLC, and for this cause of action against the Defendant states as follows:

1.     Plaintiff Roy Cork is an individual residing in the State of Illinois.

2.     Defendant Marathon Petroleum Company LP is an entity with its principal place of business in Ohio and is incorporated in Delaware.

3.     Plaintiff worked as a laborer for a contractor at Defendant's refinery in Robinson, Illinois from about 1973 – 2014 (hereafter the Refinery).

4.     At relevant times, Defendant owned and operated and has liabilities for the Refinery.

5. This is a case for personal injury based on Roy Cork's Myelodysplastic Syndrome (hereafter MDS); diagnosed on or about May of 2018 and caused or substantially contributed to by exposure to cancer-causing chemicals including benzene and other volatile organic compounds at the Refinery.

6. Plaintiff inhaled, ingested, was dermally exposed to, and/or otherwise absorbed cancer-causing chemicals present at the Refinery including but not limited to aromatic hydrocarbons, volatile organic compounds, solvents, benzene, ethylbenzene, toluene, and xylene (hereafter cancer-causing chemicals).

7. As a direct and proximate result of said exposure to cancer-causing chemicals, Plaintiff contracted MDS.

8. At relevant times, Defendants, MARATHON PETROLEUM CORPORATION LP, owned, operated and/or controlled the Refinery.

9. Plaintiff's exposure to and inhalation, ingestion and/or absorption of said cancer-causing chemicals was foreseeable and could or should have been anticipated by Defendant.

10. Defendant knew or should have known that exposure to these cancer-causing chemicals posed an unreasonable risk of harm to Plaintiff.

12. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

13. Defendant purposely established minimum contacts with Illinois such that it should reasonably anticipate being called to Answer in court in Illinois. Defendant's contacts with Illinois directly relate to the challenged conduct. Defendant has purposefully directed its activities at Illinois and purposefully availed itself of the privilege of conducting business in

Illinois and Plaintiff's MDS arises out of Defendant's Illinois-related activities as the exposures occurred in Illinois.

14. Under 28 U.S.C. § 1391(b)(2) Venue is proper in the Southern District of Illinois, because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred as the exposures took place within this judicial district.

15. Defendant committed acts of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused Plaintiff's injuries.

16. Defendant breached its duties to Plaintiff in one or more of the following respects:

   a. Through its employees used cancer-causing chemicals in areas in which Plaintiff worked without taking proper precautions or preventative measures to reduce or prevent exposure;

   b. Failed to warn Plaintiff that he was working with and/or around cancer-causing chemicals and of the risks associated therewith;

   c. Failed to require and/or advise Plaintiff to use proper equipment and/or engage in proper practices designed to reduce or prevent the exposure to cancer-causing chemicals;

   d. Failed to provide a safe workplace for workers coming on Defendant's premises, including Plaintiff.

18. As a direct and proximate result of one or more of the foregoing acts and/or omissions by Defendant, Plaintiff developed MDS.

19. Plaintiff also seeks punitive damages for the gross negligence and/or malicious conduct and/or intentional conduct of Defendant which was a proximate cause of Plaintiff's injuries and damages.

20. Defendant's conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others including Plaintiff.

21. Defendant had actual, awareness of the risk(s) of exposure to cancer-causing chemicals but proceeded with a conscious indifference to the rights, safety or welfare of others including Plaintiff.

22. Because Defendant is liable for gross negligence and/or malicious conduct and/or intentional conduct, punitive damages should be assessed against it.

23. As a result of the exposure to cancer-causing chemicals that caused his MDS, Plaintiff seeks compensation for the following damages:

    a. The amount of reasonable medical expenses necessarily incurred in the past, and those that will reasonably be incurred in the future;

    b. Past and future physical pain and suffering;

    c. Past and future physical disfigurement;

    d. Past and future physical impairment;

    e. Past and future mental anguish;

    f. Loss of a normal life;

    g. Exemplary damages and Punitive damages;

    h. Cost of suit; and,

    i. Any and all other damages in which Plaintiff may be justly entitled.

24. For the foregoing reasons, Plaintiff prays for judgment against Defendant and requests that the Court award money damages in excess of $75,000 and in such amounts that the

jury may deem appropriate and are allowable by law, along with costs and interest and any and all other relief the Court may deem appropriate.

## JURY DEMAND

Plaintiff, on behalf of himself, hereby demands a trial by jury as to all matters so triable.

Date:  March 13, 2019

                                       Respectfully Submitted,

                                       SIMMONS HANLY CONROY

                                       Attorney for Plaintiff

                                       /s/ Ted N. Gianaris_____
Ted N. Gianaris, IL#6237156
G. Michael Stewart, IL#6230339
One Court Street
Alton, IL 62002
618.259.2222
618.259.2251 (Fax)
tgianaris@simmonsfirm.com
mstewart@simmonsfirm.com